**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　v.<br><br>MARIIA BUTINA,<br><br>　　　　Defendant. | Criminal No. 18-00218<br>TSC/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
<u>SUPPORT OF ORDER OF DETENTION</u>**

　　　Defendant is charged by indictment with conspiracy to act as an agent of a foreign government, in violation of 18 U.S.C. §§ 317, 951 (Count One), and acting within the United States as an agent of a foreign government, in violation of 18 U.S.C. § 951 (Count Two). *See* Indictment (ECF No. 7). The undersigned conducted a detention hearing on July 18, 2018.

　　　Upon consideration of the evidence adduced at the detention hearing; the written memorandum filed by counsel for the United States; the proffers and arguments of counsel; the report of the Pretrial Services Agency, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.[1]

---

[1] The affidavit in support of the complaint and arrest warrant, the report of the Pretrial Services Agency, the memorandum filed by counsel for the United States, the exhibit lists and the transcript of the detention hearing all appear among the ECF entries. *See* Document Nos. 1-1, 5, 8, 10, 11, 12. The undersigned thus has no occasion to include in the instant memorandum of findings and statement of reasons a summary of the evidence, proffers and arguments; rather, the undersigned incorporates herein Document Nos. 1-1, 5, 8, 10, 11 and 12 by reference.

## I. The Bail Reform Act

The Bail Reform Act of 1984 (the "Act"), 18 U.S.C. § 3141, *et seq.*, provides, in pertinent part, that if a judicial officer, following a detention hearing in accordance with the Act, finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. 18 U.S.C. § 3142(e)(1). The government first must establish "(1) that, [by] a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community, 18 U.S.C. § 3142(f); *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988)." *United States v. Slatten*, 286 F. Supp. 3d 61, 64 (D.D.C. 2017). "The Court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found." *Id.*

Accordingly, "[t]he government is required to demonstrate the appropriateness of pretrial detention because the defendant poses a risk of flight 'by a preponderance of the evidence.'" *United States v. Bikundi*, 47 F. Supp. 3d 131, 133 (D.D.C. 2014) (citing *United States v. Simpkins,* 826 F.2d 94, 96 (D.C. Cir. 1987); *United States v. Vortis,* 785 F.2d 327, 329 (D.C. Cir. 1986)). "That preponderance must, of course, go to the ultimate issue: that no combination of conditions—either those set out in the Bail Reform Act itself or any others that the magistrate or judge might find useful—can 'reasonably' assure that the defendant will appear for trial." *Id.* (quoting *Xulam,* 84 F.3d at 442 (citing 18 U.S.C. § 3142(c))).

In determining whether there are conditions of release which will reasonably assure the appearance of a defendant as required, and the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

## II. Findings of Fact and Statement of Reasons

Upon consideration of the factors enumerated at Section 3142(g) of the Act, in the context of the full extent of the record herein, *see supra* n.1, the undersigned finds that the government has shown by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure Defendant's appearance.

### *Nature and Circumstances of the Offenses Charged*

The undersigned is mindful that the offenses charged are not among those as to which Congress has provided a rebuttable presumption that no condition of release or combination of conditions would reasonably assure a defendant's appearance.  *See* 18 U.S.C. § 3142(e)(3). However, the undersigned finds that the offenses charged can only be regarded as exceedingly serious: a grand jury has found probable cause that beginning in 2015, if not earlier, Defendant, a national of the Russian Federation, conspired with others—including a Russian official—to undertake a covert influence operation in the United States.

The undersigned has carefully considered the argument of Defendant's counsel that "[Defendant] stands accused of nothing that is unlawful but for a regulatory filing requirement that the Government alleges was violated."  Hearing Transcript (ECF No. 12) 28:5–7; *see also id.* 27:13–14 ("This is a regulatory filing case.").  The undersigned finds that such argument is

misplaced. Defendant is not charged with failure to timely register as a foreign agent; rather, Defendant has been indicted for conspiracy to act as an agent of a foreign government, and acting within the United States as an agent of that foreign government.

Moreover, the first of the offenses with which Defendant is charged is one punishable by a term of imprisonment of not more than five years, and the second, a term of imprisonment of not more than ten years. This Court previously has observed that the seriousness of the charged offenses—reflected, at least in part, by the penalties upon conviction—"makes it more likely that Defendant would attempt to flee prosecution." *United States v. Amar*, 300 F. Supp. 3d 287, 289 (D.D.C. 2018); *see also United States v. Vo*, 978 F. Supp. 2d 41, 43 (D.D.C. 2013) ("the serious nature" of the offenses charged and "the punishments Congress has provided for those offenses" provided the defendant—who had substantial ties to a country with which the United States has no extradition treaty—"a substantial incentive to flee the United States.").

*Weight of the Evidence*

Second the undersigned finds that the weight of the evidence against Defendant is compelling. The government proffered that its evidence includes email and other electronic communications, as well as surveillance, reflecting Defendant's alleged activities as an agent of the Russian Federation; further, the government proffered that "numerous witnesses will testify about the influence activities described in the complaint." Government's Memorandum in Support of Pretrial Detention (ECF No. 8) at 10.

Defendant's counsel did not directly address the government's proffer regarding the weight of the evidence against the Defendant. Instead, Defendant's counsel disputed the proffered evidence, and offered innocuous explanations for the proffered evidence. *See, e.g.*, Hearing

Transcript 28:1–2 ("[Defendant is] accused of going to political events and meeting with people."), 28:2–3 ("[Defendant is] accused of going to the Capitol on Inauguration Day."), 28:24–25, 29:1 ("[Defendant is] accused of having dinner at a [restaurant] with Russian and American intellectuals to discuss the status of Russian and American relations."). However, the undersigned finds that the proffered explanations do not serve to alter the reality that the government has significant evidence against the Defendant. *See, e.g.*, *Amar*, 300 F. Supp. 2d at 289 (finding that "the Court is persuaded that the Government has considerable evidence against the Defendant. This too makes Defendant more of a flight risk."). Put another way, Defendant's arguments concerning the inferences to be drawn from the evidence proffered by the government do not, in this instance, serve to lessen the weight of the evidence.

### *Defendant's History and Characteristics*

The undersigned finds that Defendant has no meaningful ties to the United States: while Defendant has resided in the District of Columbia since 2016, attended a graduate program at a local university and maintained an apartment, her presence here, according to the government's proffer, was for the purpose of undertaking the charged criminal conduct.

Defendant, through counsel, asked that the Court release her on her personal recognizance, and proposed as additional conditions electronic monitoring and "periodic check-in[.]" Hearing Transcript 18:8–12, 29:7–8. Defendant's counsel acknowledged that Defendant was preparing to move to South Dakota at the time of her arrest, and intended to live there with her boyfriend. *Id.* 28:21–24. However, Defendant's counsel did not provide a South Dakota address; nor did Defendant's counsel make any effort, through the District of Columbia Pretrial Services Agency, to determine whether Defendant could be supervised in South Dakota through the courtesy

supervision of a local pretrial services agency.[2]  Defendant's counsel also suggested that Defendant could renew the lease on the apartment she was vacating at the time of her arrest.  *See* Hearing Transcript 29:8–10.  However, counsel proffered no evidence from which the undersigned can conclude that the suggestion was other than speculation.  Additionally, the undersigned finds that electronic monitoring would serve solely as a means for the Court to be notified that Defendant had departed her residence, and would not preclude such departure.  *E.g.*, *Vo*, 978 F. Supp. 2d. at 46 (relying on a finding by another judge of this Court "that 'even GPS monitoring . . . fails to offer assurance against flight occurring before measures can be taken to prevent a detected departure from the jurisdiction.'") (citations and internal quotation marks omitted); *see also United States v. Smith*, 160 F. Supp. 3d 280, 284 (D.D.C. 2016) (request for pretrial supervision in another district, coupled with the "significant sentence" the defendant would face if convicted, "poses some risk of flight[.]").

Of more obvious concern is that Defendant is a national of the Russian Federation, with which the United States has no extradition treaty.  A defendant's citizenship of a country with which the United States has no extradition treaty is a factor relevant to an assessment of the defendant's history and characteristics.  *United States v. Tajideen*, No. 17-00046, 2018 WL 1342475, at *7 (D.D.C. March 15, 2018); *see also Amar*, 300 F. Supp. 3d at 289 (finding that a defendant who was a citizen of a country with which the United States had no extradition treaty had a "plausible destination to which to flee."); *United States v. Ho*, No. 3:16-CR-46, 2016 WL 5875005, at *6 (E.D. Tenn. Oct. 7, 2016), *aff'd*, 2016 WL 10077327 (6th Cir. Dec. 9, 2016)

---

[2] Defendant's counsel appeared to indicate that the person with whom Defendant would reside in South Dakota if released by the Court is himself the subject of a federal investigation.  *See* Defendant's Exhibit 1.  Defendant's counsel proffered that Defendant was prepared to cooperate in that investigation, and in addition, had cooperated with the government by appearing before the Senate Intelligence Committee, *see* Hearing Transcript 21–25.  However, the undersigned observes that at the time of such cooperation, Defendant had not been charged with any criminal conduct.

(defendant's citizenship of a country with which the United States had no extradition treaty warrants the conclusion that "the United States cannot procure [the defendant's] return[,] . . . suggest[ing] opportunities for flight.") (citation omitted).[3]

### Nature and Seriousness of the Danger to any Person or the Community That Would be Posed by the Defendant's Release

The undersigned observes that the government did not address this Bail Reform Act factor. The effort of Defendant's counsel to address it largely was confined to the proffer that Defendant has no criminal record, and the argument that "[t]his is a regulatory filing case." Hearing Transcript 27:13–14. However, the undersigned finds, given the context of the full extent of the evidence offered and proffered, that the danger which would be posed by Defendant's release is obvious. The conditions of release proposed by Defendant's counsel "can do little to alleviate the risk" that Defendant would resume the unlawful activities alleged in the indictment. *See United States v. Eccleston,* 140 F. Supp. 3d 102, 107 (D.D.C. 2015).

### III.   Conclusion

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 18, 2018 Order of Detention.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge

July 24, 2018

---

[3] Defendant's counsel did not cross examine the witness called by the government, who testified that should Defendant seek refuge in any diplomatic property—even a vehicle—in the United States, she would then be beyond the reach of United States law enforcement. *See* Hearing Transcript 43–52.