UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Case: 18-218 (TSC) |
| v. : | |
| : | **FILED** |
| MARIIA BUTINA, also known as : | AUG 0 8 2018 |
| MARIA BUTINA, : | |
| : | Clerk, U.S. District and |
| Defendant. : | Bankruptcy Courts |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon consideration of the unopposed motion of the parties and to adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

### All Discovery Materials

1. All discovery materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Discovery Materials") are subject to this protective order ("the Order") and may be used by the defendant, defendant's counsel, any retained legal consultants or experts, or others employed to assist in the defense, including administrative personnel, investigators, language interpreters, data or accounting analysts, or database processors (collectively, "the Defense") solely in connection with the defense of this case, and for no other purpose and in connection with no other proceeding, without further order of this Court. Before the government provides any Discovery Materials to any member of the Defense, each member of the Defense must be provided with a copy of this

Order and that person must agree in writing to abide by the terms of this Order by signing the attached "Acknowledgement of Order" form.

2. The Defense will not share or provide Discovery Materials or their contents directly or indirectly to any person or entity other than persons who are interviewed as potential witnesses, legal counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "Authorized Persons"). Authorized Persons (not including any members of the Defense) may be shown only those Discovery Materials that pertain or relate to them or are necessary to prepare the defense, but such Authorized Persons may not retain copies or create copies without prior permission of the Court. Where prior Court authorization is required to make a disclosure not otherwise permitted by this Order, the government will not object to the Defense seeking *ex parte* authorization from the Court if notice to the government would reveal any defense strategy.

3. The Defense will not copy or reproduce Discovery Materials except in order to provide copies of the Discovery Materials for use by the Defense in connection with this case. Such copies and reproductions shall be treated in the same manner as the original Discovery Materials. In storing, transferring, and maintaining possession of the Discovery Materials, the Defense shall take all reasonable measures to prevent any unauthorized disclosure of the Discovery Materials, including preventing inadvertent disclosures and the efforts of third parties who may seek to deliberately gain access to the Discovery Materials in violation of the terms of this Order. Such reasonable measures shall include, but will not be limited to, the encryption of any removable media access devices (e.g., thumb drives) used to store Discovery Materials and the creation of a "wall" within the Defense's electronic storage facilities that will be designed to prevent those who

2

are not members of the Defense from accessing the materials. Any notes or records of any kind made by the Defense or any Authorized Person in relation to the contents of Discovery Materials shall be treated in the same manner as the original Discovery Materials and shall not be disclosed in a manner that would violate the terms of this Order.

4. Before providing any Discovery Materials to any Authorized Person, the Defense must provide the Authorized Person with a copy of this Order and that person must agree in writing to abide by the terms of this Order by signing the Acknowledgement of Order, which shall be retained by the defendant's counsel. The defendant's counsel shall maintain a current list of all persons who have access or have had access to the Discovery Materials.

5. Except as to the defendant's original personal property or personal possessions, all other Discovery Materials and all copies made thereof shall be disposed of in one of the following ways upon the conclusion of all stages in this criminal case: such other Discovery Materials may be (1) destroyed; (2) returned to the United States; (3) retained in defense counsel's case file; or (4) otherwise disposed of as ordered by the Court. The Court may require a certification as to the disposition of any such materials. If defense counsel retains any Discovery Materials, the restrictions of this Order shall continue in effect for as long as Discovery Materials are so maintained, and the Discovery Materials may not be disseminated or used in connection with any other matter without further order of the Court.

6. If any Discovery Materials are provided by the United States to the Defense by mistake, the United States has the right to request the return of any such Discovery Materials and will do so in writing. Within seven days of such a request, the Defense will return all such

Discovery Materials if in hard copy, and in the case of electronic materials, will certify in writing that all copies of the specified materials have been deleted from any location in which the materials were stored. Notwithstanding the foregoing, this paragraph shall not preclude defense counsel from moving the Court for an order compelling production of this material.

7. Authorized Persons (not including any members of the Defense) may not write down or otherwise record any identifying or contact information related to any other witness, or any personal identity information, contained in the Discovery Materials. Defense counsel will take reasonable steps to assure compliance with this provision. Such reasonable efforts will include, but are not limited to, redacting such information before showing specific Discovery Materials to any Authorized Person, unless it is clear that the person (or his/her client) already knows the information that would otherwise be redacted.

8. If a party wishes to file any Discovery Materials with the Court, those Discovery Materials shall be filed under seal. Also, any memorandum of law or other public filing in this case shall be redacted insofar as the memorandum of law or other filing is derived from, quotes, or otherwise conveys information contained in the Discovery Materials. If a party wishes to publicly file any Discovery Materials, it will first provide a copy to the opposing party, with redactions if appropriate. If the opposing party makes no objection within five days, the copy may be filed publicly with the proposed redactions, if any. Disputes regarding redacted filings may be brought to the attention of the Court. The Clerk will accept for filing under seal any filings so marked by the parties pursuant to this Order.

9. Whenever possible, the procedures for use of Discovery Materials during any hearing or the trial of this matter will be determined by the parties and the Court in advance of the hearing or trial.

10. If the defendant is detained at the District of Columbia Department of Corrections ("DOC"), defense counsel is authorized to provide a copy of the Discovery Materials to correctional staff as necessary for the defendant to view any Discovery Material pursuant to DOC's reviewing procedures articulated in the DOC's Procedures for Attorney Visitation and Discovery/Surveillance Review policy.

11. The restrictions set forth in this Order do not apply to Discovery Material or documents that are or become part of the public court record, including documents that have been received in evidence at other trials.

### Scope of this Order

12. **Modification Permitted.** Nothing in this Order will prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13. **No Ruling on Discoverability or Admissibility.** This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this ___ day of _August_ 2018.

JUDGE TANYA S. CHUTKAN
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA