# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | |
| : | Criminal Case: 18-cr-00218 (TSC) |
| **MARIIA BUTINA,** : | |
|    Also known as Maria Butina, : | |
| : | |
|    **Defendant.** : | |

## NOTICE OF FILING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits for the record a letter from the government to defense counsel addressing recent violations of Local Rule 57.7(b).

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By: _____/s/_____
THOMAS N. SAUNDERS
Assistant United States Attorney
N.Y. Bar Number 4876975
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7790
Email: thomas.saunders@usdoj.gov

Certificate of Service

    I HEREBY CERTIFY that a copy of the foregoing Notice was delivered via the Court's electronic filing system upon counsel for the defendant on this 23rd day of August, 2018.

                                                               /s/
                                          THOMAS N. SAUNDERS
                                          Assistant United States Attorney



U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

August 23, 2018

Via Email and U.S. Mail
Robert Driscoll, Esq.
McGlinchey Stafford, LLP
1275 Pennsylvania Avenue N.W.
Suite 420
Washington, D.C. 20004

        Re: United States v. Mariia Butina, Case No. 18-218 (TSC)

Dear Mr. Driscoll:

     We write to express our concerns about your apparent ongoing violations of Local Rule 57.7(b).  Local Criminal Rule 57.7(b) imposes restrictions on both the government and defense counsel.  The Rule provides that a lawyer associated with a case "shall not release" any extrajudicial statement to be disseminated by means of public communication, relating to *inter alia* "the merits of the case or the evidence in the case."  LCrR 57.7(b)(3).  Despite this clear prohibition, the government has encountered multiple recent instances of you in the press commenting about the merits and evidence of this case.  You appear to have made these recent comments even after the July 25, 2018 hearing, at which the Court cautioned you that it may impose a gag order if any future statements are made in violation of the Local Rules.  July 25, 2018 Hearing Tr. 9:19-10:3.  Despite the Court's admonition, the following statements were attributed to you in a July 28, 2018 article in *Politico*:

- You accused the government of making "false claims" and using "innuendo" and "guilt by association" to "taint" the defendant;

- You "confirmed [the defendant's] dinner with [the head of a Russian government-affiliated cultural center], but [you] downplayed its significance"; and

1

- You "confirmed the Russian official's identity after POLITICO asked [you] for comment."[1]

The aforementioned July 28 article was not the only instance of your apparent violation of Local Rule 57.7(b). In an article published by *RT,* dated August 1, 2018, for example:

- "In response to reports that the judge presiding over the case had warned him against 'crossing a line' by speaking to the media, [Mr.] Driscoll noted: 'I think frankly the risk is nil that a jury is going to be prejudice [sic] in favor of my client.'"

- You also stated, regarding the government's proffer of evidence from its memorandum in support of pretrial detention, "[The honey trap] allegation was set forth in a proffer by the government, meaning they did not produce evidence to back up that allegation at the time. We're still waiting to see that, and we're not sure that it even exists, or that it exists in any meaningful form" (brackets in original).[2]

In an August 3, 2018 *Washington Post* article, you commented about alleged email exchanges between the defendant and a former member of a political campaign. According to the article, you stated that the email exchanges "show that Butina was a student eager to network with Americans who shared her interests and no more." You continued by saying that the former member of the campaign was "[a] military guy who would have been involved would have been a prime target, if that's what she was about. . . . But the evidence is clear that there wasn't any significant contact."[3]

Finally, in an August 14, 2018 *Politico* article, you commented on the government's charges involving the relationship between the defendant and a specific Russian official. For example:

- You "scoffed at the notion that [the Russian official] is a master spy";

- You explained that in your "frequent talks" with the defendant, the defendant portrayed the Russian official as "someone who genuinely has come to love America";

- You said the defendant's connections to a Russian cultural center were merely social;

---

[1]  See "Accused Russian agent met with suspected Kremlin spy," Josh Meyer, Politico.com, July 28, 2018, available at https://www.politico.com/story/2018/07/28/mariia-butina-russia-kremlin-suspected-spy-7460433.

[2]  See "'In prison for advocating better US-Russian relation': Butina lawyer on her 'misunderstood' case," August 1, 2018 (edited August 2, 2018), available at https://www.rt.com/usa/434871-maria-butina-lawyer-driscoll-interview/.

[3]  See "Trump associate socialized with alleged Russian agent Maria Butina in final weeks of 2016 campaign," August 3, 2018, available at https://www.washingtonpost.com/politics/trump-associate-socialized-with-alleged-russian-agent-maria-butina-in-final-weeks-of-2016-campaign/2018/08/03/d87c1d84-96a6-11e8-80e1-00e80e1fdf43_story.html?utm_term=.bb28deac58c3.

- You were quoted as offering your opinion that "[m]y impression of [the Russian official] from knowing [the defendant] is that she viewed him as a mentor and as someone who was helpful to her, with her gun rights group and personally. . . . He helped raise her profile. . . ."; and

- You were quoted as stating that the Russian official was "always eager . . . to meet with Americans."[4]

In sum, you appear to have violated the Local Rule repeatedly.

Moreover, your comments were made in disregard of a recent warning from the Court. On July 25, 2018, the Court conducted a status hearing in this case at which time the government alerted the Court to earlier public comments and statements you had made. The government noted the risk that such statements could jeopardize a fair and impartial trial of the defendant and that such statements were in violation of Local Rule 57.7(b). The government also noted that such statements might include inaccurate or misleading information but that the government—abiding by its obligations under Rule 57.7(b)—would not be able to respond. The Court noted that "we can't really move trials" in the District of Columbia and that "[w]e have a relatively small and limited jury pool" and then asked you: "Do you think it's in your client's interest to have her case tried in the press?" July 25, 2018 Hearing Tr. 8:21-24. After the Court afforded you an opportunity to be heard on this matter, the Court orally cautioned the parties. The Court reminded you, "[W]e have local rules here," and added, "I certainly don't want to impose a gag order as other judges have in other cases in this court, but I will entertain a motion or a request to do so if I think that your statements cross the line and violate our local rules." The Court concluded, "I am cautioning you . . . at this stage." *Id.* at 9:22-10:4. Your comments in the press since that hearing appear to have been made without any regard to the Court's admonition.

Local Rule 57.7(b) provides that it is a lawyer's "duty" in a criminal case not to release "information or opinion which a reasonable person would expect to be disseminated by means of public communication . . . if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." LCrR 57.7(b)(1). The Rule also provides that a lawyer associated with the prosecution or defense "shall not release or authorize the release of any extrajudicial statement" to the press concerning the identity of prospective witnesses, any opinion as to the accused's guilt or innocence, any opinion concerning the merits of the case, or any opinion concerning the evidence in the case. LCrR 57.7(b)(3).[5] Yet, you have violated this rule repeatedly, both before and after the July 25th status conference.

---

[4] See "Handler of alleged spy Butina tied to suspicious U.S.-Russia exchange program," Josh Meyer, Politico.com, available at https://www.politico.com/story/2018/08/14/russia-americans-putin-torshin-776237.

[5] LCrR 57.7(b)(1) states, "It is the duty of the lawyer . . . not to release or authorize the release of information . . . if there is a reasonably likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." The reference to interference with a fair trial or prejudicing the due administration of justice is absent from subsection (b)(3). We note that the Second and Fourth Circuits have interpreted substantially similar local rules within their Circuits to prohibit extrajudicial statements only if they meet the "reasonable likelihood" standard articulated in subsection (b)(1). *See United States v. Cutler,* 58 F.3d 825, 835 (2d. Cir. 1995); *Hirschkop v. Snead*, 594 F.2d 356, 365-68 (4th Cir. 1979). The United States believes that the examples cited in this notice meet that standard.

It is a practical impossibility to effectively monitor and review all possible forms of public media or other means by which improper public statements might be conveyed. As officers of the Court, the attorneys in this case must operate to a significant degree on an honor system.

Local Rule 57.7(b) serves to protect the integrity of the judicial process and protect both the rights of the public and the defendant to a fair and impartial jury.

The government will be filing a copy of this letter on the case docket. Further, if the government continues to encounter evidence of further violations of the Rule, the government may seek relief from the Court.

    Sincerely,

    JESSIE K. LIU
    United States Attorney

By:____/s/_____
    Erik M. Kenerson
    Assistant United States Attorney

By:____/s/_____
    Thomas N. Saunders
    Assistant United States Attorney

By:____/s/_____
    William A. Mackie
    Trial Attorney, U.S. Department of Justice

cc:  Case Docket