**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Criminal Case:  18-218 (TSC)** |
| **v.** | : | |
| | : | |
| | : | |
| **MARIIA BUTINA, also known as** | : | |
| **MARIA BUTINA,** | : | |
| | : | |
| **Defendant.** | : | |

**Government's Memorandum in Response to**
**Defendant Maria Butina's Reply to Order to Show Cause**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully submits this memorandum in response to the Court's Order

to Show Cause, ECF No. 32, and the defendant's reply thereto, ECF No. 36.  After reviewing the

defendant's submission, as well as the subpoena at issue, ECF No. 36-1, the government

respectfully requests that the Court quash the subpoena without prejudice to the defendant's ability

to seek leave of court to re-issue it.[1]  If the Court declines to quash the subpoena, it should direct

American University to produce the documents to the Court and permit both parties to inspect

them.

**Legal Standard**

Subpoenas in federal criminal cases are governed by Fed. R. Crim. P. 17.  A party may

issue a subpoena without the court's involvement if it is connected to a trial.  See, e.g., Fed. R.

Crim. P. 17(a); United States v. Vo, 78 F. Supp. 3d 171, 178 (D.D.C. 2015).  If a party seeks

---

[1]      This memorandum addresses only whether the subpoena was properly issued without leave of this Court.  The government will respond to any future requests for leave to issue a subpoena at the appropriate time.

pretrial production of materials, it must seek Court approval.  See, e.g., R. 17(c); Vo, 78 F. Supp. 3d at 178-79.  Subpoenas issued pursuant to Rule 17 are not a substitute for discovery.  See Vo, 78 F. Supp. 3d at 178-79, citing United States v. Carter, 15 F.R.D. 367, 369 (D.D.C. 1954); United States v. Brooks, 966 F.2d 1500, 1505 (D.C. Cir. 1992); United States v. Ferguson, 37 F.R.D. 6, 7-8 (D.D.C. 1965).  If the Court orders pretrial production of documents, it "may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."  Fed. R. Crim. P. 17(c)(1).

"Rule 17(c) . . . confines a subpoena duces tecum to admissible evidence."  United States v. Haldeman, 559 F.2d 31, 75 (D.C. Cir. 1976).  The Court should authorize pretrial inspection of subpoenaed documents only on a showing "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"  Id; see also United States v. Nixon, 418 U.S. 683, 699-700 (1974).

### Analysis

The subpoena issued by the defendant did not follow the requirements of Rule 17.  As Judge Sullivan explained in Vo, a party may issue a subpoena without leave of court pursuant to Rule 17(a) if that subpoena is returnable on a trial or hearing date.  Vo, 78 F. Supp. 3d at 178. Alternatively, if a party seeks pretrial production of documents, it must seek leave of court to issue a subpoena duces tecum that is not returnable on a trial or hearing date pursuant to Rule 17(c).  Id.

at 180. No trial date has been set in this matter; consequently the defendant cannot issue a subpoena returnable at trial pursuant to Rule 17(a). To the extent that Rule 17(a) may authorize the issuance of a subpoena without leave of court in connection with a hearing, the subpoena issued by the defendant was returnable to defense counsel's office well in advance of the next hearing in this case. See Defendant's Subpoena, ECF No. 36-1 at 1 (directing production of documents at McGlinchey Stafford PLLC offices on September 18, 2018). Because the subpoena required pretrial and prehearing production of documents, the defense was required to seek leave of this Court prior to issuing it. See Vo, 78 F. Supp. 3d at 178 ("Subpoenas are issued without the court's involvement when they command the recipient's presence and possibly the production of documents at a particular hearing").

If the Court declines to quash the subpoena, the government respectfully requests that it direct American University to provide any responsive materials to the Court. Rule 17(c) specifies, with regard to a subpoena duces tecum, that the court "may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. . . . [T]he court may permit the parties and their attorneys to inspect all or part of them." The defendant's subpoena as currently drafted makes the items returnable to counsel's office rather than to the Court. Although, in its filing, the defense offered to make records "available for the government's review and inspection," ECF No. 36 at 6, the subpoena does not mandate that the defense do so, and if it were not for this Court's Order to Show Cause, the government would not have known that the subpoena existed. The Court should thus should direct that any records in response to the subpoena be produced to the Court, after which they can be inspected by both parties, as contemplated by the express language of the Federal Rules of Criminal Procedure.

Respectfully Submitted,


JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845


By:_____/s/_____
ERIK M. KENERSON
THOMAS N. SAUNDERS
Assistant United States Attorneys
Ohio Bar Number 82960 (Kenerson)
N.Y. Bar Number 4876975 (Saunders)
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7201
Email: Erik.Kenerson@usdoj.gov


_____/s/_____
WILLIAM A. MACKIE
Trial Attorney, National Security Division
N.C. Bar Number 13816
U.S. Department of Justice
950 Pennsyslvania Avenue, N.W.,
Washington, D.C. 20530
Telephone: 202-233-2122
Email: Will.Mackie@usdoj.gov