# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|                                                           ) | |
| v.                                                       ) | Case No.: 1:18-cr-218 (TSC) |
|                                                           ) | |
| MARIIA BUTINA, a/k/a                     ) | |
| MARIA BUTINA,                               ) | |
|                                                           ) | |
|          Defendant.                            ) | |
|                                                           ) | |

## NOTICE OF FILING

The clerk of the court will kindly note the filing of the attached discovery request, which was sent by the undersigned to Assistant United States Attorney Erik M. Kenerson and his cocounsel for the government.

Dated: October 14, 2018             Respectfully submitted,

/s/Robert N. Driscoll
Robert N. Driscoll (DC Bar No. 486451)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Phone: (202) 802-9999
Fax: (202) 403-3870
rdriscoll@mcglinchey.com

/s/Alfred D. Carry
Alfred D. Carry (DC Bar No. 1011877)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Phone: (202) 802-9999
Fax: (202) 330-5897
acarry@mcglinchey.com

*Counsel for Defendant*



ROBERT N. DRISCOLL
(202) 802-9950
Fax (202) 403-3870
rdriscoll@mcglinchey.com

ALFRED D. CARRY
(202) 802-9951
Fax (202) 330-5897
acarry@mcglinchey.com

October 14, 2018

*By Electronic Mail*
Erik M. Kenerson, et al.
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street NW
Washington, DC 20530
erik.kenerson@usdoj.gov

      RE:    *United States v. Mariia Butina*
                Criminal Case No. 18-218 (TSC)

Dear Mr. Kenerson, et al.:

      We write on behalf of the Defendant Maria Butina to renew her request for the prompt provision of <u>all</u> discoverable materials she is entitled to review in this case, as provided by Fed. R. Crim. P. 16 and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and any other applicable rules, statutes, or pertinent authority. This request follows the initial discovery request provided by the defense to the government. Accordingly, Ms. Butina requests the government[1] to produce the following items, to the extent they may exist, for her inspection and use—whether for the preparation of her defense, for trial, or for sentencing.

      1.      Statements of the Defendant

      Pursuant to Fed R. Crim. P. 16(a)(1)(A) and (B), we request disclosure of all written or recorded[2] statements made or adopted by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government;[3] that portion of any written record containing

---

[1] The term "government" as used throughout this request includes all branches of the government, all levels of the government, and all agencies within each branch and level of the government, to include, without exhaustion, the Department of State, the Department of Justice, or the Department of Homeland Security.

[2] The term "recorded" as used throughout this request includes both audio and visual recordings.

[3] This should include statements in the possession or control of the Washington, DC Metropolitan Police Department, Federal Bureau of Investigation, Immigration and Customs, Uniformed

Erik M. Kenerson, et al.
October 14, 2018
Page 2 of 8

the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; any written summaries of the defendant's oral statements contained in any typed or handwritten notes of any government agent; any statements that may have been given by the defendant in response to any *Miranda* warnings, *see United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B). The statements sought by this request include those intended for either substantive or impeachment use at trial and include all law enforcement agency reports resulting from the defendant's arrest.

2. <u>Defendant's Prior Criminal Record</u>

A copy of the prior criminal record for the defendant, if any, as is within the government's possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known to the government. *See* Fed. R. Crim. P. 16(a)(1)(D).

3. <u>Arrest Reports, Notes and Dispatch Tapes</u>

The defendant specifically requests that the government disclose all reports, notes and dispatch or any other tapes that relate to the circumstances surrounding her arrest or questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents or media that contain the defendant's statements or any other discovery material in accordance with Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963); *Loux v. United States*, 389 F.2d 911 (9th Cir. 1968); *United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *United States v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967). Arrest reports, investigators' notes, memos from arresting officers, dispatch tapes, sworn statements and prosecution reports about the defendant are discoverable under the provisions of Fed. R. Crim. P. 16(a)(1)(B) and (C) and 26.2 and 12(i). The defendant expressly requests that the prosecution collect and preserve any and all rough notes whether or not they are deemed discoverable at this time. *See, e.g., United States v. Perry*, 153 U.S. App. D.C. 89, 471 F.2d 1057 (1972); *United States v. Bryant*, 142 U.S. App. D.C. 132, 439 F.2d 642, *aff'd after remand*, 145 U.S. App. D.C. 259, 448 F.2d 1182; *Johnson v. United States*, 336 A.2d 545 (D.C. 1981); *Montgomery v. United States*, 384 A.2d 655 (D.C. 1978) (in camera inspection in accordance with *United States v. Jackson*, 430 A.2d 1380 (D.C. 1980)).

4. <u>Tangible Objects</u>

The defendant requests to inspect/copy any books, papers, documents, bank statements, media reports, newspaper clippings, photographs, line-up or photo array photographs shown to potential witnesses, "mug shots," audio tapes, videotapes, tangible objects, data, electronic devices, currency, buildings or places, or copies or portions of any of these items, which are in the possession, custody or control of the government, and which are material to the preparation of the defense, or are intended for use by the government as evidence at trial, or were obtained from, or

---

Security Officers of the Department of State, or any other law enforcement agency involved, domestically or internationally, with the investigation or prosecution of this case.

Erik M. Kenerson, et al.
October 14, 2018
Page 3 of 8

belong or are in any way attributable to, the defendant. Fed. R. Crim. P. 16(a)(1)(E). If you intend to use any of the above items and that item is not within the possession, custody or control of the government, we request that you provide us with the name, address and telephone number of the individual or entity where any such item may be located. *Id.* This request also includes the opportunity to inspect, etc., all evidence or items seized as the result of any search, whether with or without a warrant. *Id.*

5. <u>Test Results</u>

The defendant requests the provision of copies of any reports of mental or physical examination, or results of any scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government, and which are material to the preparation of the defense, or are intended for use by the government at trial. Fed. R. Crim. P. 16(a)(1)(F). This request includes, but is not limited to, fingerprint analyses, chemical analyses, voice identifications, toolmark analyses, hair and/or fiber analyses, electronic device activity or log file analyses, metadata analyses, computer or phone data forensic analyses, archive or wayback machine analyses, or any other form of test or analysis in this case. *Id.* **You are also hereby specifically requested to preserve for testing or review by the defendant any and all materials capable of being tested by scientific means whether or not such materials were tested by the government.**

6. <u>Expert Witnesses</u>

The defendant requests disclosure of the identities for all government expert witnesses. This request includes a complete written summary of testimony to be presented by any government witness called as an expert witness, including his or her opinions, the basis and the reasons therefore, and his or her qualifications. Fed. R. Crim. P. 16(a)(1)(G).

7. <u>Jencks Act Statements</u>

Consistent with the American Bar Association Standards Relating to Discovery and Procedure Before Trial and *United States v. Sabastion*, 497 F.2d 1267, 1270 (2nd Cir. 1970), to facilitate an orderly and smooth flowing trial, to avoid unnecessary delay once the jury is empaneled and to avoid inconvenience to the court, we are requesting the provision of any witness statement(s) for those intended to be called as prosecution witnesses **at least 21 days before trial**. Fed. R. Crim. P. 26.2; *Jencks v. United States*, 353 U.S. 657; 18 U.S.C. § 3500; *Duncan v. United States*, 126 U.S. App. D.C. 371, 379 F.2d 148 (1967); *In Re S.W.B.*, 321 A.2d 546 (1976).

It is expected that all *Jencks* material will include notes taken by you, or any other prosecutors, while interviewing government witnesses, in accordance with *Goldberg v. United States*, 425 U.S. 94 (1976); *Middleton v. United States*, 401 A.2d 109 (1976) and *Sanders v. United States*, 114 U.S. App. D.C. 345, 316 F.2d 346 (1963); summaries of statements prepared by clerks in accordance with *Williams v. United States*, 119 U.S. App. D.C. 177, 338 F.2d 286 (1964); rough notes of law enforcement officers and investigators in accordance with *United States v. Bundy*,

153 U.S. App. D.C. 191, 472 F.2d 1266 (1972); and law enforcement forms, reports, and radio runs in accordance with *Montgomery v. United States*, 384 A.2d 655 (D.C. 1978) and *Clancy v. United States*, 365 U.S. 312 (1961).

8.  Other Crimes Evidence

The defendant requests the provision of the general nature of any and all the government intends to introduce at trial against her pursuant to Fed. R. Evid. 404(b) and/or *Drew v. United States*, 118 U.S. App. D.C. 11, 331 F.2d 85 (1964). The defendant further requests a statement of the government's theory of admissibility with respect to all such evidence.

Any information satisfying this category of information is required to be provided upon receipt and, in any event, **no less than 4 weeks prior to trial** so that appropriate investigation of such evidence may be conducted and any appropriate pleadings and motions may be submitted, so that there may be a resolution of use of any disputed evidence in advance of trial.

9.  Giglio Information

The defendant requests that the government provide on a rolling basis and, in any event, **no less than 21 days prior to trial**, the following information: the prior criminal record of all witnesses expected to be called by the prosecution including juvenile records, *Lewis v. United States*, 393 A.2d 109, 118 (D.C. 1978) and *Davis v. Alaska*, 415 U.S. 308 (1974); the substance of any promises, privileges, immunities or preferential treatment offered to, or expected to be received by, any prosecution witness at trial, whether express or implied, and any other information which could arguably be used for the impeachment of any prosecution witness. *Giglio v. United States*, 405 U.S. 150 (1972); *Merriweather v. United States*, 466 A.2d 853 (D.C. 1983); *Lewis v. United States* 408 A.2d 303 (D.C. 1979).

10. Brady Information

On behalf of Ms. Butina, we make a general demand for all evidence favorable to her which is material to the issue of guilt or punishment in this case or which serves to impeach a government witness who will testify at trial. This request includes the immediate disclosure of <u>all</u> exculpatory material discoverable under the provisions of *Brady v. Maryland*, 383 U.S. 83 (1963) and its progeny, as well as impeachment information. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). Without limiting the foregoing, this request specifically includes, but is by no means limited to:

   A.  The identities (including name and contact information) and existence of any witness known to the government who is favorable to the defense together with any and all statements made or adopted by that witness (whether they be written, recorded or the substance of oral statements) within the custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979).

  B. Any statements made or adopted by any individual (whether they be written, recorded or the substance of oral statements) within the custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government, which exculpate or do not mention the defendant.

  C. Any and all evidence showing any bias, incentive to fabricate, narcotic habit, psychiatric treatment, mental or physical frailty, lack of competence, lack of impartiality, or criminal record, on the part of any witness the government intends to call to testify at trial.

  D. The results of any lie detector tests given to the defendant or witnesses the government intends to call to testify at trial.

  E. Any promises, rewards and inducements (financial or otherwise) offered (including a list of payments) or any threats of criminal prosecution made to any witness the government intends to call to testify at trial.

  F. Presentence investigation reports, if any, relating to any witness the government intends to call to testify at trial.

  G. Any and all evidence about which the government is now aware, or about which the government may become aware by the exercise of due diligence that might indicate, however remotely, that another individual committed the offense(s) for which the defendant now stands accused. This includes all evidence that the government believes indicates that another individual committed the offense(s) in connection with the defendant. *See United States v. Bolden*, 169 U.S. App. D.C. 60, 514 F.2d 1301 (1975); *United States v. Ash*, 413 U.S. 300, 318-319 (1973),

  H. Names and addresses of all persons who have stated that the defendant did not commit the offense(s) charged. *United States Ex Rel Meers v. Wilkins*, 396 F.2d 135 (2d Cir. 1964).

  I. Names and addresses of eyewitnesses to the offense(s) for which the defendant now stands accused whose identity is now known, or by the exercise of due diligence may become known to the government.

  J. Information regarding any indecisive, incomplete, reluctant, equivocating, or hesitant identification of the defendant by any witness (regardless of whether the government intends to call that witness to testify at trial). This request includes the names and addresses for such witnesses. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968).

  K. Any and all information that tends to detract from the credibility or probative value of the testimony and/or evidence that the government anticipates it will present at trial or sentencing in the above referenced case.

Erik M. Kenerson, et al.
October 14, 2018
Page 6 of 8

   L. Any and all differences between information provided to the government by a cooperating witness and information provided to the government in a proffer made by that witness's attorney. *See Spicer v. Roxbury Correctional Institute*, No. 99-6119 (4th Cir. 1999).

   M. Any prior false allegation(s) of criminal conduct by any of the prosecution witnesses. *Giles v. Maryland*, 386 U.S. 66 (1967); *Brooks v. United States*, 396 A.2d 200 (D.C. 1978).

   N. Legible copies of any and all search warrants and accompanying affidavits and inventories, as well as all statements the prosecution intends to introduce at trial made by any co-conspirator in this case. *Bruton v. United States*, 392 U.S. 123 (1968).

  11. <u>Co-Conspirator Information</u>

  The defendant requests copies of any statements made or adopted by any alleged co-conspirator, unindicted co-conspirator, or agent of the defendant regardless of whether the government intends to introduce these statements at trial. *United States v. Turoff*, 701 F. Supp. 981 (E.D.N.Y. 1988). Any information responsive to this request for information is requested to be provided **no less than 4 weeks prior to trial** so that appropriate investigation of such evidence may be conducted and any appropriate pleadings and motions may be submitted so that there may be a resolution of use of any disputed evidence in advance of trial.

  12. <u>Informants and Cooperating Witnesses</u>

  The defendant requests the provision of all relevant information concerning any informants or cooperating witnesses involved in this case and, in particular, the identification and location or any informant(s) and/or cooperating witness(es), as well as the identity and location of any other percipient witnesses unknown to the defendant. *Rovario v. United States*, 353 U.S. 53 (1957).

  13. <u>Bias Evidence</u>

  The defendant requests any evidence that any prospective government witness is biased or prejudiced against her, or has a motive to testify falsely or distort his or her testimony at trial. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

  14. <u>Witness' Criminal Acts/Investigation</u>

  The defendant requests that the prosecution disclose any evidence that any potential prosecution witness has engaged in any criminal act, whether or not it has resulted in a conviction, or even a prosecution, and whether any witness has made a statement favorable to the defendant. Fed. R. Evid. 608, 609, and 613. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965). This request also includes the prompt provision of any evidence than any prospective government witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2nd Cir. 1985).

Case 1:18-cr-00218-TSC   Document 40-1   Filed 10/14/18   Page 7 of 8

Erik M. Kenerson, et al.
October 14, 2018
Page 7 of 8

15. <u>Evidence Affecting Witness Perception, Recollection, or Communication</u>

The defendant requests that the government disclose any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, recall, communicate or tell the truth is impaired, as well as any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

16. <u>Sentencing Information</u>

The defendant requests facts and circumstances of the offense and offense characteristics that are relevant to the application of the Sentencing Guidelines. *See* U.S.S.G. / 6B1.2 Commentary.

17. <u>Statements Relevant to the Defense</u>

The defendant requests that the government disclose any statement that may be "relevant to any possible defense or contention" that may be asserted. *United States v. Bailleauz*, 685 F.2d 1105 (9th Cir. 1982). This request includes any statement made by percipient witnesses. At this time, and for purposes of this discovery request, you should presume that a "possible defense" is Ms. Butina's general denial of culpability.

18. <u>Prosecution Examination of Law Enforcement Personnel Files</u>

The defendant requests that the prosecution examine the personnel files and any other files within its custody, care or control, or that could be obtained, which are related to all testifying law enforcement officers or agents, who may have been controlling or contacting any confidential informant in this case. The defendant further requests that these files be reviewed by the prosecuting attorney for any evidence of perjurious conduct or similar dishonesty, or any other material relevant to impeachment or any information that is exculpatory. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Jennings*, 960 F.2d 1492 (9th Cir. 1992).

Please note that the Defendant specifically requests <u>all</u> items he is entitled to review as provided by the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines and/or existing case law. If those sources require production of items not specifically requested herein, a request for these items is now specifically made. Furthermore, this request is a continuing request; if the government discovers additional evidence or material responsive to any of the above requests subsequent to the government's initial production, the government shall promptly and without delay provide the defendant with the additional evidence or material pursuant to Fed. R. Crim. P. 16(c).

If the requested materials exist but the government declines to provide them based on a theory that they are not discoverable, please let us know of that position so that we can file appropriate motions in a timely manner.

Erik M. Kenerson, et al.
October 14, 2018
Page 8 of 8

      If we do not receive a response to the requested materials, we will assume that those materials do not exist and will continue to prepare the case accordingly. If the government fails to produce all, or any part, of the evidence or materials requested, but acts to introduce them at trial (whether for substantive or impeachment use), the defendant reserves the right to oppose the introduction of such evidence or materials at any hearing and/or move for dismissal of the indictment against the defendant. Fed. R. Crim. P. 16(d)(2).

      Your prompt response to these requests and assistance is appreciated. Thank you.

      Sincerely,

      **McGlinchey Stafford PLLC**

      /s/
      Robert N. Driscoll

      /s/
      Alfred D. Carry

      *Counsel for Defendant*

Enclosures

cc:    Court Docket
       Thomas N. Saunders (*via email at* thomas.saunders@usdoj.gov)
       William A. Mackie (*via email at* will.mackie@usdoj.gov)