**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Criminal Case: 18-cr-00218 (TSC)** |
| **MARIIA BUTINA,** | : | |
| **Also known as Maria Butina,** | : | |
| | : | |
| **Defendant.** | : | |

## NOTICE OF FILING

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby files the attached partially redacted letter on the court docket and

requests that it be made part of the record in the above-captioned case.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By:_____/s/_____
ERIK M. KENERSON
THOMAS N. SAUNDERS
Assistant United States Attorneys
Ohio Bar Number 82960 (Kenerson)
N.Y. Bar Number 4876975 (Saunders)
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7201
Email: Erik.Kenerson@usdoj.gov

_____/s/_____
WILLIAM A. MACKIE
Trial Attorney, National Security Division
N.C. Bar Number 13816
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.,
Washington, D.C. 20530
Telephone: 202-233-2122
Email: Will.Mackie@usdoj.gov

U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

October 22, 2018

Via Email and U.S. Mail
Robert Driscoll, Esq.
Alfred Carry, Esq.
McGlinchey Stafford, LLP
1275 Pennsylvania Avenue N.W.
Suite 420
Washington, D.C. 20004

Re: United States v. Mariia Butina, Case No. 18-218 (TSC)

Messrs. Driscoll & Carry:

Please accept this letter in response to your October 18, 2018, email communication in which you raised certain concerns as to whether the government intends to fulfill its discovery obligations, including those that arise pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

As we have assured you previously, the government is fully aware of, and committed to honoring, its ongoing discovery obligations, including those that arise under *Brady* and its progeny.  Further, the government understands that its disclosure responsibilities extend to both classified and unclassified information.  *See Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *United States v. Varca*, 896 F.2d 900 (5th Cir. 1990).

During our previous discussions, you have advanced certain hypothetical scenarios involving your client, including a supposed "dangle" operation or the acquisition of exculpatory information from "Cis," which we take to mean confidential government informants.  It appeared at the time of our discussions, that you based these ideas not on firsthand knowledge of any events, but rather on speculation based on claims made in some unidentified media articles.  Inexplicably, however, in your October 18, 2018 email, you—for the first time—firmly assert that "*[w]e know this information exists [and] have called it out by name...*" [emphasis added].  The government was surprised by this newly adamant assertion, and we invite you to provide us any additional information you may have concerning the provenance or existence of the information you request.

1

Notwithstanding its speculative nature, the government took your original request seriously and made specific inquiries about the hypothetical scenarios you advanced. Regarding the scenarios described in your October 18, 2018 email, based on our reviews to date, we are not aware of any information that would trigger any disclosure obligations regarding either a "dangle," successful or otherwise, or information obtained from any confidential informant. We are aware of no surveillance targeting your client that occurred prior to in or around ▮▮▮▮▮▮ We will obviously continue to review the government's holdings for such information, as well as any additional surveillance records of your client and we will continue to discuss with you any other materials that you consider potentially exculpatory. If that ongoing review yields information that should be disclosed to you, we will certainly do so.

With respect to the materials provided to you so far, we have made an FBI CART examiner available to you to help you navigate the electronic evidence, and we made a second hard drive of electronic evidence available to you over a month ago, which you have thus far declined to retrieve. As noted in our call with you and the CART examiner last week, we invite you to reach back out if you have additional questions and we will continue to make the CART examiner available to you to assist you in navigating the electronic evidence.

We trust that this letter will address your concerns regarding the government's commitment to fulfill its *Brady* responsibilities in this case. Again, we welcome any further information from you which might assist us in locating what, if any, information might be the basis for your concerns.

Sincerely,

JESSIE K. LIU
United States Attorney

By: _____

    Erik M. Kenerson
    Assistant United States Attorney

By: _____

    Thomas N. Saunders
    Assistant United States Attorney