UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>MARIIA BUTINA, a/k/a )<br>MARIA BUTINA, )<br>)<br>Defendant. )<br>_____ ) | Case No.: 1:18-cr-218 (TSC) |

**NOTICE OF CORRECTED FILING REGARDING
DEFENDANT'S MOTION TO TRANSFER DEFENDANT MARIA BUTINA
INTO GENERAL POPULATION HOUSING**

Defendant Maria Butina, by counsel, respectfully notifies the court that in her filing this afternoon, Defendant indicated that the government, after conferring with the same, has no position with respect to the relief requested in the pending Motion to Transfer Defendant Maria Butina into General Population Housing (the "Motion"). (Doc. 57.) The government has since clarified its position to mean that the government had no position at the time and was still formulating one. The government has also since informed the undersigned that it opposes the Motion. Defendant respectfully requests that this court accept this notice and the attached corrected filing.

Dated: November 27, 2018

Respectfully submitted,

/s/
Robert N. Driscoll (DC Bar No. 486451)
Alfred D. Carry (DC Bar No. 1011877)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Phone: (202) 802-9999
Fax: (202) 403-3870
rdriscoll@mcglinchey.com
acarry@mcglinchey.com

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No.: 1:18-cr-218 (TSC) |
| ) | |
| MARIIA BUTINA, a/k/a ) | |
| MARIA BUTINA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CORRECTED MOTION TO TRANSFER DEFENDANT MARIA BUTINA
INTO GENERAL POPULATION HOUSING**

Pursuant to Local Criminal Rule 47, Defendant Maria Butina, by counsel, moves the court for an order directing the United States Marshal Service and relevant correctional staff to transfer Ms. Butina from administrative segregation housing into general population at the Alexandria detention center. As grounds for this motion, Ms. Butina states the following:

1. Since the date of her arrest on July 15, 2018, Ms. Butina has been detained pending trial without bond. Today, she is held at the William G. Truesdale Adult Detention Center in Alexandria, Virginia.

2. In addition to general population prisoners, the Alexandria detention center houses federal detainees awaiting trial before this court in "administrative segregation," more commonly known as solitary confinement. This form of restrictive housing is not a disciplinary measure, but is purportedly used by corrections personnel to isolate inmates for their own protection or the safe operation of the facility.

3. For the inmates administratively segregated in solitary confinement at the Alexandria detention center, life is marked by deprivation. These inmates are locked up and

enclosed in a steel door cage the size of a parking space, deprived of any meaningful human contact or sensory stimulation for 22 hours a day, every day, with no release date in sight.

4. According to the Justice Department,

> **[W]e believe strongly this practice should be used rarely, applied fairly, and subject to reasonable constraints**. . . . Life in restrictive housing has been well-documented—by inmates, advocates and, on occasion, correctional officials themselves. In some systems, the conditions can be severe; the social isolation, extreme. At its worst, and when applied without regard to basic standards of decency, restrict housing can cause serious, long-lasting harm. It is the responsibility of all governments to ensure that this practice is used only as necessary—**and never as a default solution**.

U.S. Department of Justice, *Report and Recommendations Concerning the Use of Restrictive Housing* (Jan. 2016), *available at* https://www.justice.gov/archives/dag/file/815551/download (emphasis in original) (last visited Nov. 27, 2018).

5. Under the "Mandela Rules" adopted by the United Nations Commission on Crime Prevention and Criminal Justice in Vienna in 2015, "prolonged solitary confinement" is defined as a "time period in excess of 15 consecutive days."[1]

6. Between her commitment at the Correctional Treatment Facility in Washington, DC and then Alexandria detention center, Ms. Butina has been isolated in solitary confinement for approximately 67 days straight. Despite a subsequent release into general population that came at the undersigned's repeated requests, correctional staff reinstated her total isolation on November 21, 2018 although no infraction nor occurrence justified the same.

---

[1] *See* United Nations Standard Minimum Rules for Treatment of Prisoners (the Nelson Mandela Rules), G.A. Res. 70/174, Rule 43, 44 (Dec. 17, 2015) (summarizing the prohibitions on "prolonged" solitary confinement defined as in excess of 15 consecutive days and requiring that solitary confinement be used only in exceptional cases as a last resort, for as short a time as possible and must not be imposed by virtue of a prisoner's sentence).

7. On the afternoon of November 21, 2018, counsel received a never-before urgent phone call from a jailhouse counselor regarding Ms. Butina. The basis for that call was her return to solitary confinement. The undersigned called Chief Joseph Pankey and Captain Craig Davie in Alexandria in response. After conferring with them, however, it has become clear that the facility's use of administrative segregation is a false pretext to mask an indefinite solitary confinement that is unjust and without cause.

8. Staff purported to base their decision to segregate on Ms. Butina referring a fellow inmate to her lawyers (that is, she gave her lawyers' phone number to a fellow inmate), but staff did not find a disciplinary violation—major or minor. Chief Pankey and Captain Davie then resorted to the decision being "for her safety," knowing that administrative segregation disallows an appeal internally.

9. As of the date of this filing, Ms. Butina has now been in solitary confinement for 22 hours a day for 6 consecutive days with no prospective release date. According to at least one deputy, the move to solitary confinement has also not been entered into the Alexandria detention center computer system, and Ms. Butina's status is disclosed only by a piece of tape with handwriting attached to the guard stand.

10. Ms. Butina has never violated an Alexandria detention center rule or been the subject of discipline. In addition, during the weeks she was allowed to live with the general population at the Alexandria detention center, she interacted well with her fellow inmates and created no incidents. Thus, it appears that the move to "administrative" segregation is a ruse to shield review of arbitrary conduct.

11. Counsel contacted the prisoner operations section of the relevant United States Marshal Service office by email and phone to discuss, but has received no explanation for the move to date.

12. It is the opinion of the undersigned that prolonged depravation of human contact and interaction is starting to have a profound psychological impact on Ms. Butina. Unless the court intervenes, she will continue to be held in this manner and ultimately require the attention of mental health professionals.

13. Prior to the filing of this motion, the undersigned conferred with the government, which took no position with respect to the relief requested at the time, but now opposes the motion.

For the foregoing reasons, your defendant Maria Butina respectfully requests that she be released or transferred forthwith from administrative segregation into general population at the Alexandria detention center. A proposed order is attached.

Dated: November 27, 2018                Respectfully submitted,

/s/Robert N. Driscoll
Robert N. Driscoll (DC Bar No. 486451)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Phone: (202) 802-9999
Fax: (202) 403-3870
rdriscoll@mcglinchey.com

/s/Alfred D. Carry
Alfred D. Carry (DC Bar No. 1011877)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Phone: (202) 802-9999
Fax: (202) 330-5897
acarry@mcglinchey.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served on this 27th day of November, 2018 through the court's CM/ECF system, which will send notification of this filing to all counsel of record for the government. And I further certify that I have served a copy of the same on this 27th day of November, 2018 by first-class mail, postage prepaid, and email to the following:

Lamont J. Ruffin
Chief Deputy, United States Marshals Service, District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, DC 20001
lamont.ruffin@usdoj.gov

Joseph Pankey
Chief Deputy, Alexandria Sheriff's Office
William G. Truesdale Adult Detention Center
2001 Mill Road
Alexandria, VA 22314
joseph.pankey@alexandriava.gov

/s/Alfred D. Carry
Alfred D. Carry (DC Bar No. 1011877)
*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No.: 1:18-cr-218 (TSC) |
| ) | |
| MARIIA BUTINA, a/k/a ) | |
| MARIA BUTINA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Defendant Maria Butina is incarcerated at the William G. Truesdale Adult Detention Center in Alexandria, Virginia pending trial in this case. The defendant reports that she is being held in administrative segregation from the general population at the Alexandria detention center, locked down in isolation 22 hours a day. Pending before the court is Defendant's motion for removal from administrative segregation and transfer to the general population. Upon consideration of Defendant's motion, any opposition or reply thereto, it is this day hereby

**ORDERED** that by _____, 2018, the United States Marshals Service and Alexandria detention center correctional staff shall either transfer Defendant Maria Butina from administrative segregation housing to the general population at the Alexandria detention center, or show cause why Defendant Butina should remain in administrative segregation.

**SO ORDERED.**

Dated: _____

_____
TANYA S. CHUTKAN
United States District Judge

1

Copies to:

Lamont J. Ruffin
Chief Deputy, United States Marshals Service, District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, DC 20001
lamont.ruffin@usdoj.gov

Joseph Pankey
Chief Deputy, Alexandria Sheriff's Office
William G. Truesdale Adult Detention Center
2001 Mill Road
Alexandria, VA 22314
joseph.pankey@alexandriava.gov

and

All counsel of record