UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARIIA BUTINA, a/k/a, | ) | Criminal Action No. 18-cr-218 (TSC) |
| MARIA BUTINA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

Upon consideration of Defendant's Corrected Motion to Transfer Defendant Maria Butina into General Population Housing, ECF No. 59, the court hereby **DENIES** the motion.[1]

Defendant cites no U.S. statute or case law to support her application and has attached no exhibits, declarations, or affidavits. The motion merely asserts counsel's understanding, based on hearsay conversations and speculation, as to why the Defendant has been placed in administrative segregation. The Supreme Court has held that courts must give deference to corrections officials when reviewing an inmate's institutional restriction challenge:

> In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed our warning that '[s]uch considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'

---

[1] On November 27, 2018 Defendant filed a Motion to Transfer Defendant Maria Butina into General Population Housing. ECF No. 57. Subsequently, Defendant filed a Notice of Corrected Filing Regarding Defendant's Motion to Transfer Defendant Maria Butina into General Population Housing, ECF No. 58, and stated that the initial representation that the government had no position on the motion was based on a misunderstanding, and the government, in fact, opposed the motion. The corrected motion was filed as ECF No. 59.

*Bell v. Wolfish*, 441 U.S. 520, 540 n.23 (1979) (citations omitted) (alteration in original); *see also Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators.") (citations omitted). Defendant, through counsel, has not offered "substantial evidence . . . to indicate that the officials have exaggerated their response," and, therefore, the court will "defer to their expert judgment" in this matter. *Bell*, 441 U.S. at 540 n.23.

**SO ORDERED.**

Date: November 28, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge