UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Criminal Case: 18-218 (TSC)** |
| v. | : | |
| | : | |
| | : | |
| **MARIIA BUTINA, also known as** | : | |
| **MARIA BUTINA,** | : | |
| | : | |
| Defendant. | : | |

**Government's Response to the Court's December 17, 2018 Minute Order**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in response to the Court's December 17, 2018 Minute Order directing that the parties may file submissions "stating their positions on the continuance, modification, or vacating of the September 12, 2018 Order" pursuant to Local Criminal Rule 57.7(c), ECF No. 31 (the "Order"). For the reasons set forth below, and for any additional reasons as may be cited at a hearing on this matter, the government respectfully requests that the Court direct that the Order remain in place during the pendency of this case.

The Order directs the parties, potential witnesses, and their counsel to "refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to this case." ECF No. 31 at 2. The Court issued this order "to safeguard the defendant's right to a fair trial, and to ensure that the court can seat a jury that has not been tainted by pretrial publicity." *Id.*

Although the defendant entered a plea of guilty on December 13, 2018, the reasoning underlying the Order—safeguarding the right to a fair trial and ensuring the ability to seat an

untainted jury—extends at least through sentencing. There are three main reasons that the government requests that the Order remain in place: (1) until the defendant has been sentenced, not all charges have been dismissed; (2) prior to sentencing, the standard for the defendant to withdraw her guilty plea is lower than after sentencing; and (3) to the extent that the defendant's cooperation may lead to any other arrests, those potential defendants have the same right to a fair trial that Ms. Butina does.

The government's plea agreement with the defendant required her to enter a plea of guilty to Count 1 of the indictment, which she did on December 13, 2018. The plea agreement also requires the government to dismiss Count 2 at the time of sentencing, which has not yet occurred. ECF No. 67 at 2. Count 2 is thus presently pending before the Court. Although the government has no reason to expect that the defendant will breach the plea agreement, in the event she does, the government "will be free from its obligations under [the plea] agreement," and she will be "subject to prosecution for any other crimes." *Id.* at 9. In other words, there is a chance, however small, that the government could proceed to trial on the indictment or some portion thereof. Given that possibility, the Court's desire to preserve a potential jury pool continues through sentencing.

Similarly, the defendant can withdraw her plea before sentencing if she demonstrates to the Court that she has "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). After sentencing, by contrast, the defendant's guilty plea may not be withdrawn, and it will only be set aside on direct appeal or collateral attack. R. 11(e). While the government again has no reason to believe the defendant will attempt to withdraw her guilty plea prior to sentencing, the Rule's contemplation of that possibility counsels towards leaving the Order in place prior to sentencing.

The Court also has the duty to protect any potential future defendants' rights to a fair trial. As this Court noted in its Order, the Local Rules impose a restriction on dissemination of information that will interfere with a fair trial in connection with "pending *or imminent* criminal litigation." LCrR 57.7(b)(1); ECF No. 31 at 1 (emphasis added). Keeping the Order in place through sentencing would safeguard the rights of any potential defendants who may later be charged in connection with this matter, especially if any other person is charged as a result of the defendant's cooperation.

WHEREFORE, for the foregoing reasons, and any others as may be cited at a hearing on this matter, the government requests that the Order remain in place.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By:_____/s/_____
ERIK M. KENERSON
THOMAS N. SAUNDERS
Assistant United States Attorneys
Ohio Bar Number 82960 (Kenerson)
N.Y. Bar Number 4876975 (Saunders)
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7201
Email: Erik.Kenerson@usdoj.gov

_____/s/_____
WILLIAM A. MACKIE
Trial Attorney, National Security Division
N.C. Bar Number 13816
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: 202-233-2122
Email: Will.Mackie@usdoj.gov