UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.: 1:18-cr-218 (TSC) |
| | ) | |
| MARIIA BUTINA, a/k/a | ) | |
| MARIA BUTINA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT MARIA BUTINA'S
RESPONSE TO THE COURT'S DECEMBER 17, 2018 MINUTE ORDER**

Defendant Maria Butina, by and through her counsel, submits this response to the court's Minute Order of December 17, 2018, requesting the parties' views on whether the court's Local Criminal Rule 57.7(c) Special Order (colloquially known as a "gag order") should remain in place, be vacated, or be modified. For the reasons that follow below, Defendant Maria Butina requests that, consistent with First Amendment principles and the narrow local rule that authorizes it, the gag order should be vacated.

Prior restraint of speech is disfavored under the First Amendment and presumptively unconstitutional. *Nebraska Press Association v. Stuart*, 427 U.S. 539, 562-69 (1976). Gag orders are presumptively unconstitutional because they are content based. *Nat'l Inst. Of Family and Life Advocates v Becerra*, ___ U.S. ___, 138 S.Ct. 2361, 2371 (2018) (presumption against content-based restraints). Content-based restrictions target "particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert*, ___ U.S. ___, 135 S.Ct. 2218, 2227 (2015). Gag orders inherently target speech relating to pending litigation, a topic right at the core of public and community life.

1

In the context of criminal cases, the protections of the First Amendment should be balanced against a defendant's right to a fair trial as protected by the Sixth Amendment. In particular, statements of the parties or counsel that could unduly influence or prejudice potential jurors risk "the fair administration of justice." Thus, limited orders prohibiting parties or counsel from making statements to the media that they believe have a "substantial likelihood" of hindering the selection of a fair and impartial jury may sometimes be appropriate. However, First Amendment freedoms still apply. *See In re Murphy Brown*, 907 F.3d 788 (4th Cir. 2018) (finding that the gag order was unconstitutional because it infringed on First Amendment rights and failed to pass strict scrutiny).

In this case, the defendant has pleaded guilty to Count 1 as part of a plea agreement, and the court has accepted her change of plea. She has admitted to an agreed-to Statement of Offense that details the facts she is admitting to. No jury will be seated in this case, thus the risk of tainting a jury pool, a central concern voiced by the court the day it issued the gag order from the bench (Sep. 10, 2018 Tr. at 12-16), has been greatly diminished if not eliminated entirely. Essentially, there is no constitutional risk to the defendant's right to a fair trial that can be balanced against the clear dictates of the First Amendment.

Even if the gag order is vacated, it bears noting that the Protective Order in this case remains in place and binds all parties and counsel to secrecy of covered documents. Furthermore, certain orders or motions may still be filed under seal to the extent confidentiality is required. Importantly, the sentencing has not yet occurred, and the government holds in its sole discretion the determination of whether the defendant has offered "substantial assistance" to other investigations and will evaluate, as will the court, the defendant's acceptance of responsibility. Thus, the defendant and her counsel have no incentive to publicly contradict the Statement of

Offense or her guilty plea or otherwise take issue with the plea, nor to discuss any aspect of possible cooperation.

Finally, vacating the gag order simply clarifies the situation that already exists even were the gag order to remain in place (without presenting the same constitutional difficulties or First Amendment hurdles). Because the plea has already occurred, it is hard to imagine an instance in which there could be a "substantial likelihood" that a statement could influence the fair administration of justice, as the parties responsible for that administration at this point are the court, the government, and defense counsel, all of whom are sophisticated parties likely to be unaffected by media coverage.

For the foregoing reasons, Defendant Maria Butina respectfully requests that the court vacate the gag order.

Dated: December 19, 2018            Respectfully submitted,

/s/Robert N. Driscoll
Robert N. Driscoll (DC Bar No. 486451)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Phone: (202) 802-9999
Fax: (202) 403-3870
rdriscoll@mcglinchey.com

/s/Alfred D. Carry
Alfred D. Carry (DC Bar No. 1011877)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Phone: (202) 802-9999
Fax: (202) 330-5897
acarry@mcglinchey.com

*Counsel for Defendant*