```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


 UNITED STATES OF AMERICA,      .
                                .
        Plaintiff,              .  CR No. 18-0218 (TSC)
                                .
    v.                          .
                                .
 MARIIA BUTINA, a/k/a           .  Washington, D.C.
 MARIA BUTINA,                  .  Tuesday, February 26, 2019
                                .  2:57 p.m.
        Defendant.              .
 . . . . . . . . . . . . . . . .


              TRANSCRIPT OF STATUS HEARING
         BEFORE THE HONORABLE TANYA S. CHUTKAN
              UNITED STATES DISTRICT JUDGE
```

**APPEARANCES:**

| | |
|---|---|
| For the Government: | ERIK M. KENERSON, AUSA<br>U.S. Attorney's Office<br>National Security Section<br>555 Fourth Street, NW<br>Washington, DC 20530<br>(202) 252-7566 |
| For the Defendant: | ROBERT N. DRISCOLL, ESQ.<br>ALFRED D. CARRY, ESQ.<br>McGlinchey Stafford, PLLC<br>1275 Pennsylvania Avenue, NW<br>Suite 420<br>Washington, DC 20004<br>(202) 802-9999 |
| Court Reporter: | BRYAN A. WAYNE, RPR, CRR<br>U.S. Courthouse, Room 4704-A<br>333 Constitution Avenue, NW<br>Washington, DC 20001<br>(202) 354-3186 |

Proceedings reported by stenotype shorthand.
Transcript produced by computer-aided transcription.

```
 1                       P R O C E E D I N G S
 2              THE DEPUTY CLERK:  Your Honor, we have criminal action
 3    18-218, United States of America versus Mariia Butina.  We have
 4    Mr. Erik Kenerson representing the government, Mr. Alfred Carry
 5    and Mr. Robert Driscoll representing Ms. Butina, who is present.
 6              THE COURT:  Good afternoon, everyone.  We had a little
 7    delay because of transportation issues.  We have a lot of trials
 8    going on, and the marshals are hard-pressed right now to get
 9    everybody in.  But I'm glad you made it here, a little late.
10         Have you had a sufficient amount of time to talk to your
11    client, Mr. Driscoll?
12              MR. DRISCOLL:  We have, Your Honor.
13              THE COURT:  All right.  Now, on December 13, 2018,
14    Ms. Butina pleaded guilty to conspiracy to violate 18 U.S.C. §
15    951, in violation of 18 U.S.C. § 371.  At that time, the parties
16    informed the Court that they wanted to have a status date before
17    we could set a sentencing date.
18         We did, however, ask Probation to start processing and
19    drafting a presentence investigation report.  I understand that
20    the draft was completed on February 1, 2019.  I don't see any
21    updated motions or pleadings on the docket.
22         So, Mr. Kenerson?
23              MR. KENERSON:  Thank you, Your Honor.  Good afternoon.
24              THE COURT:  Good afternoon.
25              MR. KENERSON:  The government, at this hearing,
```

1   I think, is going to request a continued status about four weeks
2   out.  We are not prepared to set a sentencing date or request a
3   sentencing date at this point.  I can inform the Court, in open
4   court, that the defendant's cooperation is ongoing.  We'd be
5   prepared to make additional representation, if the Court needed
6   it, at the bench and under seal.
7           THE COURT:  Well, I may, but let me hear first from
8   Mr. Driscoll or Mr. Carry if they have any opposition to the
9   request.  Have you discussed this before now with the defense?
10          MR. KENERSON:  I have, yes.
11          THE COURT:  Okay.  Mr. Driscoll.
12          MR. DRISCOLL:  Thank you, Your Honor.
13      Just so you know, the comments are in on the PSI, and the
14  cooperation's been ongoing.  We're in a bit of a bind because,
15  from our perspective, we're pretty much ready to go in terms of
16  sentencing.  But there are things the prosecution is aware of
17  that we are not.
18      So, from our perspective, we're ready to go.  But we
19  understand where the prosecution is coming from, and I'm taking
20  them at their word that they have other contingent matters that
21  may require more cooperation later.  But that may be best for a
22  sidebar or something else.
23          THE COURT:  I think it may be appropriate at this
24  point for the parties to approach the bench.
25      (Sealed bench conference.)





1       ████████████████████████████████████████
2       ██████████████████████████
3              (End of bench sealed conference.)
4              THE COURT:  All right.  Based on the representations
5       made at the bench under seal, I will continue this for a further
6       status date.  I understand Mr. Driscoll and Mr. Carry's concern,
7       which is one that I share, which is that Ms. Butina has been
8       detained for a substantial portion of whatever sentence she
9       likely faces.
10             However, given her agreements with the government for
11      cooperation, her cooperation continues to be needed by the
12      government, and therefore I will set a status date for four
13      weeks from today or thereabouts.
14             I will say that, given the fact that the presentence
15      investigation report has been drafted and is being reviewed, we
16      should be able to turn around and set a sentencing date pretty
17      quickly from our next status.  And Mr. Kenerson has represented
18      that if for some reason they're ready to go to sentencing
19      sooner, they will let the parties and the Court know.
20             So I appreciate your concern, Mr. Driscoll, that your
21      client obviously wants to get this resolved, but I also take
22      into consideration the government's need for time to complete
23      its investigation.  All right?
24             So have you all discussed available dates?  No?
25             (Court conferring with deputy clerk.)

```
 1              THE COURT:  Yes.  All right.  I cannot -- if we're
 2   going to have a brief status, I can do this at the end of March.
 3   If it's going to be lengthy, I'd rather do it at the very first
 4   date in April, because March is very busy and I'm going to be
 5   out of town for several days towards the end of March.
 6        So what's our first April date?
 7        Or, Mr. Kenerson, I mean, we're not going to do the
 8   sentencing on the status date; right?  So we're just talking
 9   about a shorter hearing?
10              MR. KENERSON:  I think that's the most likely.
11   As we said, if for some reason there's a possibility, we
12   could petition the Court to convert, but it sounds like the
13   Court would not be available for a sentencing hearing.
14              THE COURT:  If you convert it to sentencing, I will
15   not be able to do it in March; my schedule just doesn't allow
16   it.  So why don't we, just to be on the safe side -- what's the
17   first April date that you have, Mr. Bradley?
18        (Court conferring with deputy clerk.)
19              MR. KENERSON:  Your Honor, I'm out of the jurisdiction
20   for the entire first week of April.
21              THE COURT:  Mr. Driscoll?
22              MR. DRISCOLL:  Your Honor, if we keep the short date
23   because I think it's just going to be a status at this point --
24              THE COURT:  Let's try to do it in March.  If it turns
25   out that we have to convert it to a sentencing, we'll move it.
```

```
 1                    MR. DRISCOLL:  I understand.  That's fine.
 2                    THE COURT:  Okay.  What's the next available day
 3     I have in March after the 23rd?  So it will be the last week.
 4          (Court conferring.)
 5          Let's set it for Thursday, the 28th of March.  Are you all
 6     available on that date?
 7                    MR. KENERSON:  That's good for the government,
 8     Your Honor.
 9                    MR. DRISCOLL:  That's good for the defense, Your Honor.
10                    THE COURT:  What time would you like to do it, morning
11     or afternoon?
12                    MR. KENERSON:  At the Court's convenience.
13                    THE COURT:  10 a.m.  So the next status date will be
14     Thursday, March 28, at 10 a.m.
15          Obviously, Mr. Kenerson, if before that time you determine
16     that you can convert this or we can go forward to sentencing,
17     you should alert Mr. Driscoll and the Court, and we will vacate
18     this date and set a sentencing date.  Otherwise, I'll hear from
19     you on the 28th.  And, obviously, if we're going to set a short
20     sentencing date after that, you all should start gathering your
21     sentencing materials as well.
22          Is there anything further, Mr. Driscoll?
23                    MR. DRISCOLL:  Nothing, Your Honor.
24                    THE COURT:  Mr. Kenerson?
25                    MR. KENERSON:  No, Your Honor.
```

THE COURT:  All right.  Thank you all.

(Proceedings adjourned at 3:07 p.m.)


* * * * * *

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.


*Bryan A. Wayne*
BRYAN A. WAYNE