**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                    )<br>          v.                                      )     Case No.: 1:18-cr-218 (TSC)<br>                                                    )<br>MARIIA BUTINA, a/k/a              )<br>MARIA BUTINA,                          )<br>                                                    )<br>          Defendant.                        )<br>_____) | |

**DEFENDANT MARIA BUTINA'S**
**RESPONSE TO THE COURT'S APRIL 22, 2019 MINUTE ORDER**

Defendant Maria Butina, by counsel, submits this response to the court's Minute Order of April 22, 2019, stating the following:

The government's last-minute shift in theory has unfortunately left the defense in a position where there is no pragmatic adjournment that can work in the context of this case. The Anderson declaration raises a wholly new theory of espionage activity that was never charged, never cleared by a grand jury, never disclosed, and never even raised directly with Maria during her 50-plus hours of interviews. Permitting the government to proceed on this basis would effectively transform Maria's sentencing hearing into a separate trial on unreliable claims with lower burdens of proof.

It would take months to secure and ready her own intelligence expert to offer meaningful rebuttal to the government's newborn thesis, just as it took months for the defense to force the withdrawal of the government's old ones. The defense would require additional discovery from the government, and the tremendous time and costs for expert assistance would require the court's financial assistance because Maria, as the court now knows (*see* Doc. 95 at 20-21 re ¶ 62), is and has always been indigent. See CJA Guidelines § 310.10.10(a) ("Investigative, expert, or other

services necessary to adequate representation . . . are available to persons who are eligible under the CJA, including persons who have retained counsel but who are found by the court to be financially unable to obtain the necessary services.").

The government has known the defense's sentencing position and guidelines analysis well-before the court's acceptance of the plea agreement. Its prosecutors and federal agents have known that Maria has longed to go home and that her counsel could not extend her incarceration, too. Maria accepted responsibility and has done everything she could to right her wrong. And while Maria knowingly entered her felony plea with full appreciation that her ultimate fate would rest in this court's hands, the government did induce it with aspirational promises of a cooperative sentencing hearing that have not borne out.

The undersigned acknowledges that this proceeding is an adversarial process, but the government's 18-month correctional demand based on this "spot and assess" operation theory is a violation of trust that further bears no resemblance to Maria's honest mistake. The 18-24 month sentencing range is effectively an offense level 15 in the USSG Sentencing Table, and application of this sentencing range would compare Maria's offense, unfavorably, to convictions for involuntary manslaughter (*see* USSG § 2A1.4, having an offense level 12), aggravated assault (*see* USSG § 2A2.2, having an offense level 14), and exporting arms or military equipment (*see* USSG § 2M5.2, having an offense level 14), among other more deplorable crimes. Worse, the government's "spot and assess" theory—belied by Maria's many credible denials (hence the government's USSG § 5K1.1 submission) of any affiliation with foreign intelligence operations in the United States—cannot be divorced from the context of the government's prior proffered theories of the initial bond hearing that were proven false.

Due process requires a defendant to have adequate notice of the evidence to be offered against her. The court should not place on the defendant the burden of bringing forth evidence or information at this point to rebut the inadequate, late-disclosed, and unreliable information in the Anderson declaration. Moreover, to grant an incarcerated defendant on the verge of sentencing and hopeful release an adjournment (that is, a delay of sentencing) while her counsel spends money she does not have taking weeks or months (while she remains incarcerated) to rebut an inadequate disclosure is no remedy at all. The defense could prevail on the merits, but Maria could serve most or all of the sentence sought by the government because of the delayed caused by the government's own conduct—the definition of a Pyrrhic victory.

The only proper remedy is exclusion. Should the Court disagree that the Anderson declaration be excluded, the defense opposes any delay in sentencing and will address it on Friday to the best of the defense's ability under the circumstances, which are circumstances not of Maria's making.

For all of these reasons, together with those in her motion (Doc. 102) and those that may be presented at a hearing on this matter, Maria Butina respectfully requests that the court exclude and strike the opinion and declaration of the government's proposed expert Robert Anderson, Jr.

Dated: April 23, 2019                               Respectfully submitted,

                                                                                  /s/
                                        Robert N. Driscoll (DC Bar No. 486451)
                                        Alfred D. Carry (DC Bar No. 1011877)
                                        McGlinchey Stafford PLLC
                                        1275 Pennsylvania Avenue NW, Suite 420
                                        Washington, DC 20004
                                        Phone: (202) 802-9999
                                        Fax: (202) 403-3870
                                        rdriscoll@mcglinchey.com
                                        acarry@mcglinchey.com

                                        *Counsel for Defendant*