# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : Criminal Case: 18-218 (TSC) |
| v. | : |
| | : |
| | : |
| MARIIA BUTINA, also known as | : |
| MARIA BUTINA, | : |
| | : |
| Defendant. | : |

## Government's Opposition to Defendant's Motion to Exclude and Strike the Declaration of Robert Anderson, Jr.

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in response to the defendant's Motion to Exclude and Strike the Declaration of Robert Anderson, Jr., ECF No. 102. The Court can and should consider the declaration in the context of the rest of the evidence of the case in assessing the nature and seriousness of the offense, as the government recommended in its sentencing memorandum. See ECF No. 101 at 16; 18 U.S.C. § 3553(a)(1). Indeed, in its own sentencing memorandum, while nominally acknowledging that the crime the defendant committed is a "serious offense," ECF No. 98 at 7, the defense repeatedly characterizes Butina's actions in ways designed to trivialize them, such as describing the messages between her and the Russian Official as "show[ing] a friendly personal relationship, as opposed to something more operational." Id. at 14. Rather than simply proffering its own competing interpretation of the defendant's actions, the government chose to provide the Court with information from an expert who could describe the usefulness of Butina's actions from the perspective of a foreign power such as the Russian Federation. The defendant's arguments to strike the declaration and preclude the

1

expert's testimony are unavailing. Neither the Constitution nor any rules required the government to provide the defense with notice of the expert testimony prior to sentencing. Yet the government provided the defense with timely and adequate notice and, to the extent that the defense believes it needs additional time to respond, the government will not object to the Court providing them with that time. The defense motion should be denied.

## Background

On April 19, 2019, the government submitted a declaration by former FBI Assistant Director for Counterintelligence Robert Anderson, Jr. as Attachment 1 to its Memorandum in Aid of Sentencing. ECF No. 99-1 ("Anderson Declaration"). The government noted that it would "make Mr. Anderson available at sentencing, should the Court or defense have any questions for him." ECF No. 101 at 2 n.2. The government is not required to provide expert notice or a declaration ahead of a sentencing hearing. The government nonetheless provided the defense, on April 17, 2019, with written notice of its intent to attach a declaration and to potentially call former Assistant Director Anderson as a witness at sentencing. This written notice followed an in-person discussion on April 10, 2019, and a phone call on April 11, 2019, during which the government informed the defense of Mr. Anderson's identity and the general use to which the government planned to put any declaration or testimony.

Neither the Anderson Declaration nor the government's memorandum in aid of sentencing contains any novel or inconsistent theories of the case. The government is presenting it to the Court solely to aid the Court's understanding of the seriousness of the offense of conviction, which is one of the factors the Court should consider, as laid out in 18 U.S.C. § 3553(a). The Court can and should weigh the declaration in context with the other materials presented by the parties and,

after giving the declaration and those other materials the weight it thinks they deserve, impose a sentence based on all of the materials and the § 3553(a) factors.

## **Legal Standard**

The strict evidentiary requirements that generally apply to trial and determinations of guilt do not apply at sentencing. See, e.g., United States v. McCrory, 930 F.2d 63, 68 (D.C. Cir. 1991), citing Williams v. New York, 337 U.S. 241, 246 (1949). It is a "fundamental sentencing principle that a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he [or she] may consider, or the source from which it may come." McCrory, 930 F.2d at 68, citing United States v. Campbell, 684 F.2d 141, 152 (D.C. Cir. 1982); United States v. Grayson, 438 U.S. 41, 50 (1978) (internal quotations omitted). The Federal Rules of Evidence do not apply at sentencing. Fed. R. Evid. 1101(d)(3); see also United States v. Singer, 912 F.3d 224, 235 n.4 (4th Cir. 2019).

The defendant, moreover, is not entitled to expert notice as defined by Fed. R. Crim. P. 16 prior to sentencing. See Fed. R. Crim. P. 16(a)(1)(G) ("At the defendant's request the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence *during its case-in-chief at trial*") (emphasis added).

## **Argument**

### I. The Anderson Declaration was Timely Submitted.

The Anderson Declaration and his expert notice were timely submitted. The defense correctly concedes that it is not entitled to expert notice as contemplated by Fed. R. Crim. P. 16(a)(1)(G) at sentencing. See ECF No. 102 at 10 (acknowledging that Fed. R. Crim. P. 16(a)(1)(G) does not generally apply to the sentencing phase of a case but still claiming inadequate

expert notice); Fed. R. Crim. P. 16(a)(1)(G) (requiring expert notice for the government's case-in-chief at trial). The defense has cited no case—and the government has found none—standing for the proposition that a declaration filed a week ahead of time is inadequate notice to provide a defendant an opportunity to rebut or explain proffered evidence. Defense counsel also ignore their telephone conversation with the government on April 11 wherein the government disclosed the identity of its potential expert. Defense counsel likewise ignore that government counsel alerted them in person on April 10 that the government may call an expert at sentencing. In sum, the sentencing materials, including the Anderson Declaration, were submitted at an appropriate time. No rule or constitutional standard was violated, and the defendant's motion should be denied.

To the extent that the defense does not believe it can adequately respond to the Anderson Declaration, the government has no objection to delaying sentencing to provide the defense with additional time to fashion a response.

I. The Anderson Declaration Is Warranted to Provide the Court With An Assessment of the Seriousness of the Offense

At sentencing, the Court is permitted to consider the Anderson Declaration, which provides a reliable assessment of the seriousness of the offense. As the defense recognizes, the Court has "great latitude in the sentencing process." ECF No. 102 at 5, citing United States v. Tucker, 404 U.S. 443, 446 (1972) and Fed. R. Crim. P. 32. Indeed, "courts have traditionally been allowed to consider all sources of information in formulating an appropriate sentence." United States v. Beaulieu, 893 F.2d 1177, 1179 (10th Cir. 1990). "The type of information to be considered by a sentencing judge is . . . unlimited. He [or she] may give weight to any reliable source of information." United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991).

The Anderson Declaration provides a perspective the government submits will assist the Court in its assessment of the seriousness of the defendant's criminal conduct. Mr. Anderson is a

credentialed and well-respected witness who can assist the Court in understanding how the defendant's conduct benefited the Russian government and jeopardized U.S. national security. Of course, the seriousness of the offense is not the Court's only inquiry and, as the government noted in its memorandum in aid of sentencing, it "does not contend that [Butina] knew exactly what happened or would happen with the information she provided and the contacts she had made." ECF No. 101 at 17. The government asks only that the Court weigh the declaration in context with the other materials presented by the parties and, after giving the declaration and those other materials the weight it thinks they deserve, impose a sentence based on all of the materials and the 18 U.S.C. § 3553(a) factors.

### III. The Defendant's Remaining Arguments Do Not Support Striking the Declaration.

The remainder of the defendant's arguments are unavailing. For example, the defense argues that the government is changing its theory of the case. The defense is mistaken. The government has consistently submitted that Butina worked as an agent of a high-ranking Russian official to create a communication "backchannel" to benefit Russia. With the Anderson Declaration, the government seeks to show how some of the information flowing back to Russia through such a backchannel would be extremely valuable to Russian intelligence services. The government has not changed its theory of the case or of the defendant's role in the conspiracy.

The defense also has mischaracterized the government's past pleadings repeatedly throughout its motion. For example, ECF No. 102 at 3, the defense argues that "the government spun a theory that the defendant was a Kremlin-trained agent," citing to page 2 of ECF. Doc. No. 8. However, the government never claimed, in that document or otherwise in this case, that the defendant was a "Kremlin-trained agent." It has not argued that she was in "constant contact with the FSB." See ECF No. 102 at 3-4 (internal quotation marks omitted). More particularly, the

government has long acknowledged its case against Butina involves no allegations that she stole national secrets or worked for an intelligence service. See Gov't Opp'n to Def. Motion for Bond Review, ECF No. 26, at 13-16.[1] The government's theory of the case at sentencing is the same as it has been throughout.

The defense also argues that Mr. Anderson's assessment is unreliable, and it identifies aspects of his assessment that it believes are worthy of challenge. However, preclusion is not the appropriate remedy. When a defendant seeks to question and challenge a government witness, cross-examination remains perhaps "the greatest legal engine ever invented for the discovery of truth." See California v. Green, 399 U.S. 149, 158 (1970) (citation omitted). Here, the government will make Mr. Anderson available for cross-examination at sentencing, even though due process does not require it. See United States v. Carmona, 873 F.2d 569 (2nd Cir.1989) ("It is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross-examine."); United States v. Beaulieu, 893 F.2d 1177, 1180 (10th Cir. 1990) ("The Supreme Court has made clear that the constitutional requirements mandated in a criminal trial as to confrontation and cross-examination do not apply at non-capital sentencing proceedings") (citations and footnote omitted). The Anderson Declaration provides an expert opinion, from a reliable source and based on the

---

[1] It is unclear what the defense is specifically alleging when it represents to the Court that prosecutors and agents "behind closed doors have all but expressed that" Butina is "not a trained intelligence officer or a spy in *any* sense." ECF No. 102 at 4 (emphasis in original). The government of course agreed in its publicly filed sentencing memorandum that Butina is not a trained intelligence officer, ECF No. 101 at 2, and it has neither charged her with espionage nor has it claimed it would be able to do so. The government does contend, as it always has, that the defendant acted as an agent of the Russian Federation through the Russian Official, and that her crime was a serious one that potentially endangered U.S. national security. The government categorically denies any allegation that its prosecutors or agents have said anything contrary behind closed doors.

evidence, about the seriousness of the defendant's criminal conduct. It was timely filed and presented to the Court and counsel. The defense's arguments for preclusion are unavailing, and the motion should be denied.

## **Conclusion**

For the foregoing reasons, the defense's motion to strike the Anderson Declaration should be denied.

Respectfully Submitted,


JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By:_____/s/_____
ERIK M. KENERSON
THOMAS N. SAUNDERS
Assistant United States Attorneys
Ohio Bar Number 82960 (Kenerson)
N.Y. Bar Number 4876975 (Saunders)
United States Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530
Telephone: 202-252-7201
Email: Erik.Kenerson@usdoj.gov


_____/s/_____
WILLIAM A. MACKIE
Trial Attorney, National Security Division
N.C. Bar Number 13816
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Telephone: 202-233-2122
Email:Will.Mackie@usdoj.gov