# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| v.                          ) | |
| MARIIA BUTINA, a/k/a,       ) | Criminal Action No. 18-cr-218 (TSC) |
| MARIA BUTINA                ) | |
| Defendant.                  ) | |

## ORDER

The court received on December 4, 2018, multiple motions by third parties identifying themselves as students at American University. The movants ask this court to quash a subpoena *duces tecum* served on American University by counsel for the Defendant. These motions are denied as moot.

Attached to this order is a redacted copy of one of the motions; all of the motions contain the same wording.

Date: October 16, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

United States

v.

Mariia Butina , a/k/a Maria Butina                     Case No. 1:18-cr-218 (TSC)

Affidavit in Support of Motion to Quash Subpoena

I, ▮▮▮▮▮▮▮▮ state the following:

1. I am a graduate student in American University's School of International Service.
2. A copy of a subpoena to American University in the above referenced matter was mailed to my home in Massachusetts, received on November 26th 2018.
3. The subpoena requests class rosters for all classes Mariia Butina attended at American University.

Signed under pains and penalty of perjury,



Date: 12/4/2018

**RECEIVED**

DEC - 4 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

United States District Court

For the District of Columbia

United States

v.

Mariia Butina, a/k/a Maria Butina               Case No. 1:18-cr-218 (TSC)

Ex-Parte Motion to Quash Subpoena to Produce Documents, Information, or Objects in a Criminal Case to American University, dated October 31st 2018.

███████ a student at American University, hereby moves that this honorable court quash the above referenced subpoena and order American University to refrain from complying with the subpoena. As grounds for this motion ███████ states that pursuant to the family Educational Rights and Privacy Act (FERPA), the defendant has not shown good cause for the requested information that outweighs ███████ privacy interest in the information and compliance with the subpoena would be unreasonable and oppressive.

FERPA broadly recognizes a student's expectation of privacy and clearly recognizes a student right to challenge the disclosure of student records (or otherwise confidential information) subject to subpoena. In the Defense's MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENA dated October 12, 2018, the Defense argues that students have no standing to challenge the court-ordered disclosure of their student records, "Student consent is not required when a judicial order or subpoena requires production of records, only notice from the institution. Id. And Congress provided no right under FERPA for a student to intervene in an action to object to a

1

judicial order or subpoena compelling production of the same." Yet FERPA explicitly mandates that universities provide a "reasonable effort to notify" *34 CFR section 99.31(a)(9)(ii)* affected to students for the express purpose providing students an opportunity to challenge (Quash) a subpoena duce tecum. The purpose of FERPA is to "assure 7 parents of students . . . access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent." Ragusa v. Malverne Union Free Sch. Dist., 549 F.Supp.2d 288, 291 (E.D.N.Y. 2008)

In past cases involving the subpoena of student records a balancing test has been invoked to weigh the need to the party seeking the information with the privacy rights of the individuals whose information is in question, "no less objectionable simply because release of the records is obtained pursuant to judicial approval unless, before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students." Rios, 73 F.R.D. at 598., Further, "The need to protect students' rights must be balanced against legitimate Federal needs for information." Rios, 73 F.R.D. at 598. A party seeking disclosure of education records protected by FERPA bears "a significantly heavier burden . . . to justify disclosure than exists with respect to discovery of other kinds of information, such as business records." Rios, 73 F.R.D. at 598. As the Defense has subpoenaed information records of third-parties, that standard should be heightened.

Many American University School of International Service undergraduate and master's students have chosen to attend to the school specifically to advance their pursuit of highly sensitive positions in national security related public service.[1] It is critical to stress that any association with an ongoing criminal case, particularly involving an individual charged with an alleged failure to comply with. 18 U.S. Code § 951 - Agents of foreign governments, could not only compromise a student's attractiveness to certain government employers but also inadvertently disclose sensitive career orientation through the disclosure of class rosters. Furthermore, any non-discrete association to the case could put students at risk of

---

[1] Statistics released by American University show that 45% of International Affairs Masters recipients were employed by the U.S. Federal Government. https://www.american.edu/weknowsuccess/#GR,SIS,INAF

2

personal harm or retribution, particularly those specializing in international security and regional studies that would likely place them countries including Russia and the former Soviet States in the future.

In response to the Courts Order to Show Cause (September 22, 2018) the Defense argued that "As is typical of graduate students, Ms. Butina knows the full names of only a few students, but knows others available at by sight, first name or last name. The class rosters will help Ms. Butina work with counsel to locate potential witnesses for the trial in this matter." Not only is Ms. Butina's recollection of her former classmates highly atypical, the request is overly broad.

Federal Rule of Criminal Procedure 17(c) permits a party in a criminal case to issue a "17(c) subpoena" to order the production of documents in the possession of third parties. However, a subpoena must "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002) (quoting Nixon, 418 U.S. at 700) The third category of the Defendant's request lacks specificity. "A copy of each class roster (and photo roster, if one) for each of Maria Butina's courses at American University."

The government's indictment of Ms. Butina alleges that she used outside help in the completion of her assignments, however the vast majority of Ms. Butina's former classmates were not privy to the written work she may have submitted while a graduate student at American University because students are not typically involved in the grading of papers, submitted materials or their review Therefore, current and former students affected by this subpoena are not credibly able to substantiate or refute the specific allegation that Ms. Butina may have plagiarized work as a graduate student. While Ms. Butina's former classmates may be able to attest to her physical presence in class, or her participation, there is no indication that these points are disputed by the prosecution, rather, the government in its indictment of Ms. Butina acknowledges those very facts. In other words, the prosecutions argument asserts that Ms.. Butina purported to be a typical graduate student at the University – her classmates would unlikely be in a position to dispute this.

While I recognize Ms. Butina's right to mount an effective defense against the crimes which she is charged, in my view, the defense has failed to show that Ms. Butina's need for my protected information outweighs our privacy interests and rights given the uniqueness of this case.

Although I appreciate the court's attempt to keep any disclosed material under seal and confidential, I am still concerned that disclosure of my personal information to Ms. Butina herself and members of her defense could be compromising to my career, particularly as it has been reported that while in prison, she is in contact with Russian officials including Russian Embassy staff.

The attached affidavit is submitted in support of this motion.

I further request that my name be redacted from any correspondence or court papers shared with the Defendant or available to the public.

Respectfully submitted, ████████

Date: 12/4/2018

4