UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) ) | Civil Action No.  18-cr-218 (TSC) |
| **MARIIA BUTINA, a/k/a,** **MARIA BUTINA** | ) ) ) ) | |
| Defendant. | ) ) | |

# ORDER

Defendant Mariia Butina pleaded guilty to one count of Conspiracy to Act as an Agent of a Foreign Government in violation of 18 U.S.C. §§ 371 and 951 on May 1, 2019, for which she was sentenced to 18 months imprisonment.  Judgment, ECF No. 123.  Upon motion by the United States, and with Butina's consent, the court also ordered Butina, a Russian citizen, removed to Russia upon release.  Order of Judicial Removal, ECF No. 119.  After completing her sentence, Butina was removed on October 25, 2019.  *See* Press Release, U.S. Immigration and Customs Enforcement, *ICE removes foreign agent Mariia Butina following conspiracy conviction* (Oct. 25, 2019) (available at https://www.ice.gov/news/releases/ice-removes-foreign-agent-mariia-butina-following-conspiracy-conviction).  On September 8, 2020, Butina filed a Motion *pro se* under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, a Motion for Writ of Error *Coram Nobis*, and a Motion for *Audita Querela*.  As part of this motion, she seeks to vacate her conviction, sentence, and removal order.  Def's. Mot. at,13, ECF No. 129.

28 U.S.C. § 2255 allows "[a] prisoner in custody under sentence of a court . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence.".  While the definition of in custody is "liberally construed," it is a jurisdictional requirement that does not extend "to the situation where a habeas petitions suffers no present restraint from a conviction." *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  The custodial requirement is mandatory – if a petitioner is not in custody, a federal court lacks the jurisdiction to grant a writ of habeas corpus. *See John Doe v. U.S. Parole Comm'n*, 60 Fed. App'x 530, 533 (D.C. Cir. 2015); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody.").  For this reason, the D.C. Circuit has "categorically denie[d]" that habeas jurisdiction exists to aliens living freely abroad, especially post-removal. *See El-Hadad v. U.S.*, 377 F. Supp. 2d 42, 48-49 (D.D.C. 2005) (citing *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1161-62 (D.C. Cir. 1999)).  Butina has completed her sentence and is living freely in her home country of Russia.  She is therefore jurisdictionally barred from seeking habeas relief.

Butina also seeks writs of *coram nobis* and *audita querela* to vacate her conviction, sentence, and removal order.  *See* Def.'s Mot. at 2,13, ECF No. 129.  These writs afford limited opportunity for post-conviction relief to defendants claiming fundamentally flawed convictions.  The precise contours of the writs are "shrouded in ancient lore and mystery."  *See U.S. v. Beggerly*, 524 U.S. 38, 43 (1998) (internal citations and quotations omitted).  Nevertheless, two principles are clear: (1) neither writ can be used to challenge a removal order, and (2) an attempt to seek *coram nobis* or *audita querela* review must be clearly pleaded, or at least provide the court enough information to cut through the fog.

The court cannot consider Butina's *coram nobis* and *audita querela* petitions as they pertain to her removal. Butina consented to and joined the Government's motion for removal, fatally undermining her claim that the court erred in issuing the order. *See* Joint Mot. at 1-4, ECF No. 92-4. Moreover, a federal court's power to exercise equitable writs comes from the All Writs Act, 28 U.S.C. § 1651. This power is not unlimited; courts are explicitly forbidden from using the Act to review removal orders for aliens removed for criminal conduct. *See* 8 U.S.C. § 1252(a)(2)(C); *see also* U.S. Const. art. III, § 1 (federal courts are courts of limited jurisdiction). The court thus cannot consider Butina's *coram nobis* or *audita querela* petitions as they pertain to her removal.

Butina's petitions are also not proper vehicles to vacate her conviction or sentence. Courts disfavor movants who tack on insufficiently pled *coram nobis* and *audita querela* claims to habeas petitions. *See* Brian Means, *Postconviction Remedies*, §§ 5.10 Error *coram nobis*, 5.11 *Audita querela*. Such motions are typically barred from review. *See U.S. v. Clark*, 977 F.3d 1283, 1289 (D.C. Cir. 2020). Although *pro se* motions are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Butina's *coram nobis* and *audita querela* claims consist of 2 handwritten notations in the margins of what is docketed as a "Motion to Vacate under 28 U.S.C. 2255." *See* Def.'s Mot. at 2, 13. The court can neither make Butina's arguments for her nor identify a sufficient *coram nobis* or *audia querela* claim in Butina's pleadings.

For these reasons, Defendant's Motion to Vacate is DENIED.

Date: December 16, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge